**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Montrell Deshawn Troutman, Appellant.

Appellate Case No. 2017-002224

Appeal From Edgefield County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2020-UP-129
Submitted March 1, 2020 – Filed May 6, 2020

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek and William Grayson Lambert, of Burr & Forman, LLP, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Montrell Troutman appeals his convictions for voluntary manslaughter, assault and battery of a high and aggravated nature, first-degree assault and battery, and possession of a weapon during the commission of a violent

crime, arguing the trial court abused its discretion and violated his rights under the Confrontation Clause by limiting cross-examination of Keith Mathis.  We affirm.

On direct examination, Mathis testified he had a prior conviction for giving false information to law enforcement.  On cross-examination, the trial court excluded testimony about the facts underlying the prior conviction.  During the proffer of the excluded testimony, Mathis stated the prior conviction "involved a shooting of Leric Merriweather," the victim in this case.  However, the proffer failed to reveal evidence that Mathis's prior conviction involved a lie, a cover-up, or the removal of evidence to protect Merriweather.  In fact, Mathis explicitly denied he provided false information to protect Merriweather.

We hold the trial court did not abuse its discretion or violate the Confrontation Clause by limiting cross-examination because the proffered testimony showed Troutman would not have elicited evidence of bias or motive to lie.  *See State v. Gracely*, 399 S.C. 363, 371, 731 S.E.2d 880, 884 (2012) ("This [c]ourt will not disturb a trial court's ruling concerning the scope of cross-examination . . . absent a manifest abuse of discretion."); *State v. Dickerson*, 395 S.C. 101, 117, 716 S.E.2d 895, 904 (2011) (finding the trial court did not abuse its discretion by excluding proffered testimony that did not reveal evidence of bias or motive to lie); *State v. Gillian*, 360 S.C. 433, 450, 602 S.E.2d 62, 71 (Ct. App. 2004), *aff'd as modified*, 373 S.C. 601, 646 S.E.2d 872 (2007) ("The appropriate question under a Confrontation Clause analysis is whether there has been any interference with the defendant's opportunity for effective cross-examination.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] Moreover, even if the trial court erred, we find any error was harmless.  *See Gracely*, 399 S.C. at 375, 731 S.E.2d at 886 ("A violation of the Confrontation Clause is not per se reversible but is subject to a harmless error analysis."); *State v. Perez*, 423 S.C. 491, 498, 816 S.E.2d 550, 554 (2018) (stating whether a Confrontation Clause violation is harmless depends on "the importance of the witness'[s] testimony to the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case" (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986))).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.